UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SCOTT M. COURVILLE                    CIVIL ACTION NO. 6:15-cv-01221

VERSUS                                JUDGE HAIK

STATE FARM MUTUAL                     MAGISTRATE JUDGE HANNA
AUTOMOBILE INSURANCE CO.

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

State Farm Mutual Automobile Insurance Company, the defendant in this lawsuit, removed this action from the 27th Judicial District Court, St. Landry Parish, Louisiana, alleging that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00.

The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1]  Therefore, State Farm must bear that burden in this case.

Following a review of the pleadings filed thus far, the undersigned finds that the parties to this lawsuit are diverse in citizenship.  The plaintiff alleges in his

---

[1]     *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

complaint that he is domiciled in Louisiana; therefore, he is a Louisiana citizen.[2]  In the removal notice, State Farm avers that it is a corporation organized under the laws of Illinois with its principal place of business in Illinois.  Since 28 U.S.C. § 1332(c)(1) provides that a corporation's citizenship is determined by its state of incorporation and the state of its principal place of business, State Farm is an Illinois citizen.  Accordingly, the parties are diverse in citizenship.

The undersigned finds, however, that the defendant has not established that the amount in controversy exceeds the jurisdictional threshold.  In a case like this one, in which the plaintiffs do not seek recovery of a determinate amount in their complaint, the party invoking the Court's jurisdiction has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[3]  To satisfy that burden, State Farm must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[4]

The undersigned finds that the jurisdictional amount is not "facially apparent" from the allegations of the plaintiff's petition because the facts alleged are

---

[2]  *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[3]  *St. Paul Reinsurance*, 134 F.3d at 1253.

[4]  *St. Paul Reinsurance*, 134 F.3d at 1253.

insufficient for the undersigned to determine whether the amount in controversy exceeds the jurisdictional requirement. This is a case for recovery under an automobile insurance policy. The plaintiff avers that his stolen vehicle had a value of $11,000 and that his insurance policy provided coverages in the amount of $25,000 and $50,000. The plaintiff also seeks to recover damages from his insurer due to "several mental breakdowns requiring hospitalizations. . . brought about by the traumatic event of the theft and made worse by his seemingly fruitless efforts to work with police and State Farm to resolve this case." (Rec. Doc. 1-3 at 4). But the actual nature and extent of his mental or emotional injuries is not explained. Other than a reference to the word "hospitalization," there is no description of the medical treatment the plaintiff has received in the past or might require in the future and no information concerning the cost of any such treatment. There is no indication in the petition that the plaintiff lost time from work due to State Farm's failure to cover the theft of his vehicle. The plaintiff did not ask for a jury trial, which is available under Louisiana state law for claims exceeding $50,000[5] nor does her petition include the information referred to in Louisiana Code of Civil Procedure Article 893(A)(1), which states that "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general

---

[5] Louisiana Code of Civil Procedure Article 1732(1).

allegation that the claim exceeds or is less than the requisite amount is required." The defendant did not address the awards granted by Louisiana courts to plaintiffs claiming injuries similar to this plaintiff's. Finally, the defendant alleged that it believes the amount in controversy exceeds the jurisdictional threshold based in part on "other materials." (Rec. Doc. 1 at 3). But no "other materials" were provided for the undersigned's review. For these reasons, the undersigned cannot determine whether the amount in controversy exceeds the jurisdictional threshold.

Accordingly,

IT IS ORDERED that, not later than twenty-one days after the date of this order, State Farm shall file a memorandum setting forth specific facts that support a finding that the amount in controversy exceeds the jurisdictional minimum. These facts should be supported with summary-judgment-type evidence. The plaintiff will be allowed seven days to respond to the defendant's submission.

Signed at Lafayette, Louisiana, this 26th day of June 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE