UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SCOTT M. COURVILLE | CIVIL ACTION NO. 6:15-cv-01221 |
| VERSUS | JUDGE HAIK |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. | MAGISTRATE JUDGE HANNA |

## **ORDER OF REMAND**

State Farm Mutual Automobile Insurance Co., the defendant in this action, removed this case from Louisiana state court to this forum, alleging that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000. The undersigned reviewed the pleadings, found that the parties are diverse in citizenship, but that it is not facially apparent that the amount in controversy exceeds the jurisdictional threshold, and ordered State Farm to provide additional facts supporting its contention that all necessary requirements for diversity jurisdiction are satisfied. (Rec. Doc. 8). The defendant complied with the order. (Rec. Doc. 9). The plaintiff was given an opportunity to respond, but failed to do so within the time allotted.

Having reviewed the additional information submitted, the undersigned now finds that the defendant has not established that the amount-in-controversy requirement is satisfied.

In its response to the briefing order, State Farm ignored the undersigned's contrary finding and argued that it is facially apparent that the amount in controversy exceeds $75,000. The undersigned remains unpersuaded. The undersigned also concludes that the defendant has not proven that the amount in controversy exceeds the jurisdictional minimum.

The defendant argued that the plaintiff's failure to include in his petition an allegation required by Louisiana Code of Civil Procedure Article 893(A)(1) mandates a finding that the amount in controversy requirement is satisfied. Article 893(A)(1) states that "if a specific amount of damages is necessary to establish ... the lack of jurisdiction of federal courts due to insufficiency of damages, ... a general allegation that the claim exceeds or is less than the requisite amount is required." No such allegation is set forth in the plaintiff's petition. Despite the mandatory wording of the statute, however, a plaintiff's failure to include such an allegation is a factor to be considered in evaluating the amount in controversy but is insufficient, standing alone, to establish that the amount in controversy exceeds the federal-court jurisdictional

threshold.[1] As one court explained, "mere silence in a petition can not create federal jurisdiction. If parties may not create subject matter jurisdiction by express agreement or stipulation, which is well settled, then the mere inaction of the plaintiff (though perhaps in contradiction of a state procedural law) can not give rise to presumptive federal jurisdiction or satisfy the removing defendant's burden."[2]

> The Fifth Circuit has not directly addressed whether the failure to include an Article 893 allegation in a petition is a factor to be considered for purposes of or is dispositive of the amount in controversy, but has held that an amount in controversy allegation under Article 893 can be defeated by a showing by the defendant that the jurisdictional amount is satisfied. Notably, all three district courts within Louisiana have addressed the issue, and for the most part consistently recognize "that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy," but that this omission is entitled to some consideration in the jurisdictional amount inquiry.[3]

The undersigned therefore concludes that the plaintiffs' failure to include a specific Article 893(A)(1) allegation in his complaint does not prove that the amount in controversy exceeds the statutory minimum.

---

[1] See, e.g., *In re 1994 Exxon Chemical Fire*, 558 F.3d at 388; *Lecoq v. Great West Cas. Co.*, No. 11–626–BAJ–SCR, 2011 WL 6936413, at *3 (M.D.La. Nov. 15, 2011)

[2] *Lilly v. Big E Drilling Co.*, No. 07–1099, 2007 WL 2407254, at *2 (W.D.La. Aug. 20, 2007).

[3] *Trahan v. Drury Hotels*, No. 11-521, 2011 WL 2470982, at *4 (E.D. La. June 20, 2011).

The defendant attached the transcript of a lengthy sworn statement from the plaintiff to its submission.  According to his statement, Mr. Courville spent a month or so in a mental hospital after the incident sued upon.  Attached to the statement are various medical bills totalling $19,313.54.  Apparently, Mr. Courville is attempting to link these medical bills to the incident in which his vehicle was allegedly stolen, claiming that the incident was so traumatic that it led to a series of mental breakdowns that required hospitalization.

Mr. Courville claims that his allegedly stolen vehicle was valued at $11,000, but a bill of sale was submitted, showing that the purchase price of the vehicle was $6,000 on April 22, 2013.  At that time, the 2004 Ford F-150 pickup truck was already nine years old.  Thus, the value of the vehicle, when it allegedly stolen a year later on March 2, 2014, was $6,000 at the most.

Added together, these documented amounts fall far short of the $75,000 needed to satisfy the amount-in-controversy requirement.

The defendant argues, however, that these alleged damages should be magnified because the plaintiff's prayer seeks the recovery of "all damages appropriate in these proceedings, including, but not limited to, property damages, general damages, special damages, punitive damages, attorney's fees, interest[,] and court costs."  (Rec. Doc. 1-3 at 5).  The defendant interprets the prayer as asserting

a claim for statutory penalties under La. R.S. 22:1892 and La. R.S. 22:1973. (Rec. Doc. 9 at 5-7). The undersigned finds, however, that without a specific reference in the plaintiff's petition to a statute that would authorize the recovery of punitive damages or attorneys' fees, the plaintiff has failed to sufficiently articulate a claim for such damages that would permit the undersigned to include such damages in the calculation of the amount in controversy. While a *pro se* plaintiff's pleadings must be interpreted liberally,[4] neither the defendant nor this Court can arbitrarily expand the plaintiff's allegations to assert such a claim. The defendant's burden at this stage of the proceedings is to prove, with summary-judgment-style evidence, the amount in controversy. The defendant has not satisfied that burden.

Accordingly, the undersigned finds that this Court lacks subject-matter jurisdiction over this action. Therefore,

IT IS ORDERED that this action shall be remanded to the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, for lack of subject-matter jurisdiction.

IT IS FURTHER ORDERED that this order shall be STAYED for fourteen days from the date of issuance. Any appeal to the District Judge must be filed within fourteen days from the date of this order. If an appeal is taken to the District Judge,

---

[4] See, e.g., *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

this action shall remain stayed until the appeal is decided. If no timely appeal is filed, the Clerk of Court shall remand the action forthwith.

Signed at Lafayette, Louisiana, this 10th day of August 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE